### In re KERRI ANN S.

### No. 92–96–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1992.

### ORDER

This case came before the court for oral argument November 10, 1992 pursuant to an order which had directed both parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice committed no error in finding that the respondent did participate in a conspiracy to rob her great grandmother. The evidence concerning the conspiracy was persuasive, credible, and constituted proof beyond a reasonable doubt.

Consequently, the respondent's appeal is denied and dismissed. The judgment of delinquency entered in the Family Court is hereby affirmed.

### David MILLER and Miller Auto Body, Inc.

### v.

### Daniel WEBSTER and D & W Construction.

### No. 92–56–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1992.

### ORDER

This case came before the court for oral argument November 4, 1992 pursuant to an order which had directed both parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The trial justice's order declining to vacate the arbitrator's award was amply supported by the record in the case. The plaintiffs' argument that the defendants' failure to submit the dispute to the architect for the project was a fatal defect in the submission of the counterclaim to arbitration was without merit. This contention was amply rebutted by testimony before the arbitrator as well as an affidavit submitted to the trial justice that there was no architect on this project and that the engineer who supervised the construction would not have entertained a request to resolve the subject matter in dispute had it been submitted to him, since that was not his responsibility. Under the limited authority to review an arbitrator's decision as set forth in *Jacinto v. Egan,* 120 R.I. 907, 391 A.2d 1173 (1978), the trial justice had no alternative save to decline to disturb the arbitrator's award.

Consequently, the plaintiffs' appeal is denied and dismissed.